■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH WILLIAMS, Appellant. [972 NYS2d 94]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered June 19, 2012, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently made because the County Court failed to conduct an adequate inquiry during the plea allocution into whether the defendant's alleged intoxication at the time of the burglary would negate the intent element of the crime of burglary in the second degree is unpreserved for appellate review, since he did not move to withdraw his plea of guilty (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Delarosa*, 104 AD3d 956, 956 [2013]; *People v Duncan*, 78 AD3d 1193, 1194 [2010]; *People v Colston*, 68 AD3d 1130, 1130 [2009]). Moreover, the exception to the preservation requirement does not apply here, since the defendant's recitation of the facts underlying the crime to which he pleaded guilty did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d at 666; *People v Delarosa*, 104 AD3d at 956; *People v Colston*, 68 AD3d at 1130; *People v Nash*, 38 AD3d 684, 684 [2007]).

The County Court providently exercised its discretion in denying the defendant youthful offender treatment (*see* CPL 720.20 [1] [a]; *People v Morrow*, 84 AD3d 1412, 1413 [2011]; *People v Lopez*, 82 AD3d 906, 907 [2011]; *People v Huffman*, 47 AD3d 646, 646 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention that he did not receive the effective assistance of counsel is not reviewable on this appeal, because it is based, in part, on matter outside the record, and thus constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]).

The defendant's remaining contention concerning restitution is unpreserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.