People v Balbuenatorres (2020 NY Slip Op 00292)





People v Balbuenatorres


2020 NY Slip Op 00292


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-04982
 (Ind. No. 436-16)

[*1]The People of the State of New York, respondent,
v
Jonathan Balbuenatorres, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray and Thomas Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Martin I. Efman, J.), rendered March 16, 2017, convicting him of robbery in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with two counts of robbery in the second degree with respect to his involvement in the forcible stealing of money from a taxi driver that occurred on February 29, 2016. On December 5, 2016, the defendant pleaded guilty to those charges in exchange for a promised sentence by the County Court. After pleading guilty, but prior to sentencing, the defendant moved to withdraw his plea of guilty. The court denied the motion without a hearing. The defendant appeals, contending that the court erred in denying his motion to withdraw his plea of guilty.
A motion to withdraw a plea of guilty is addressed to the sound discretion of the court, and its determination generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Stephensbush, 172 AD3d 1108; People v Massey, 70 AD3d 722; People v DeLeon, 40 AD3d 1008). When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rests largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances (see People v Manor, 27 NY3d 1013, 1013-1014; People v Tinsley, 35 NY2d 926, 927). When a motion to withdraw a guilty plea "is patently insufficient on its face, a court may simply deny the motion without making any inquiry" (People v Mitchell, 21 NY3d 964, 967).
Here, the record supports the County Court's determination that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Conceicao, 26 NY3d 375; People v Harris, 61 NY2d 9; People v Stephensbush, 172 AD3d at 1109). The defendant's postplea assertions that he was not sufficiently advised by counsel about the consequences of pleading guilty contradicted the statements he made under oath at his plea allocution and were [*2]insufficient to warrant vacatur of his plea, a hearing, or further inquiry by the court (see People v Stephensbush, 172 AD3d at 1109; People v Massey, 70 AD3d at 722-723).
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court