People v Loftus (2020 NY Slip Op 02647)





People v Loftus


2020 NY Slip Op 02647


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2013-02589
 (Ind. No. 95/12)

[*1]The People of the State of New York, respondent,
v
Christopher Loftus, appellant.


Thomas J. Whalen, Dover Plains, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kristen A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Stephen L. Greller, J.), rendered February 27, 2013, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant entered a plea of guilty to one count of rape in the first degree, admitting that he had sexual intercourse with an unconscious 14-year-old girl. The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw the plea (see People v Lopez, 71 NY2d 662, 665-666; People v Ospina, 175 AD3d 513, 514). Moreover, contrary to the defendant's contention, the exception to the preservation requirement does not apply here, since the plea allocution did not cast significant doubt upon the defendant's guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Peralta, 171 AD3d 948). In any event, the defendant's contention is without merit, as the record as a whole affirmatively demonstrates that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently (see People v Conceicao, 26 NY3d 375, 383).
Contrary to the defendant's contention, his factual recitation during the plea allocution did not impose upon the County Court a duty to inquire about a possible intoxication defense (see People v Sierra, 256 AD2d 598, 599; People v Suba, 130 AD2d 526, 527). Moreover, since the defendant did not move to withdraw his plea prior to sentencing, and there was nothing in his plea allocution that would cast doubt on his guilt or otherwise call into question the voluntariness of his plea, the court was under no obligation to conduct a sua sponte inquiry into certain statements the defendant made to the probation officer who prepared the presentence report (see People v Ospina, 175 AD3d at 514).
The defendant's challenge to the factual sufficiency of his plea allocution also is unpreserved for appellate review (see People v Lopez, 71 NY2d at 665). In any event, the facts the defendant admitted during his plea allocution were sufficient to establish the elements of the crime of rape in the first degree (Penal Law § 130.35[2]; see Penal Law §§ 130.00[7]; People v Perkins, [*2]27 AD3d 890, 892).
The defendant's contention that he received ineffective assistance of counsel is belied by the record, which reflects that his counsel negotiated a favorable plea agreement that substantially limited the defendant's exposure to imprisonment and that, under the totality of the circumstances, the defendant received the effective assistance of counsel (see Strickland v Washington, 466 US 668, 690; People v Baldi, 54 NY2d 137, 147).
Contrary to the defendant's contention, the record demonstrates that the County Court considered the appropriate sentencing factors and sentenced the defendant to a term of incarceration within the range agreed to by the parties in the plea agreement (see People v De Alvarez, 59 AD3d 732, 733; see generally People v Farrar, 52 NY2d 302, 305-306).
The defendant's remaining contentions are without merit.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court