People v Booker (2020 NY Slip Op 03421)





People v Booker


2020 NY Slip Op 03421


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-04118
2016-04485

[*1]The People of the State of New York, respondent,
v
Diquan Booker, appellant. (Ind. Nos. 1085/14, 1131/14) Jillian S. Harrington, Staten Island, NY, for appellant.


Madeline Singas, District Attorney, Mineola, NY (Brian Witthuhn and Rebecca L. Abensur of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Nassau County (William J. O'Brien, J.), both rendered April 13, 2016, convicting him of arson in the second degree under Indictment No. 1085/14 and attempted murder in the second degree, criminal use of a firearm in the first degree, and criminal contempt in the first degree under Indictment No. 1131/14, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant contends that his pleas of guilty were not knowing, voluntary, and intelligent. The defendant failed to preserve this contention for appellate review since he did not move to vacate his pleas or otherwise raise the issue before the Supreme Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665; People v Griffin, 173 AD3d 1203, 1203-1204). In any event, the record demonstrates that, despite the defendant's history of mental health issues, his pleas were knowingly, intelligently, and voluntarily entered (see People v Blanco, 175 AD3d 1548, 1548; People v Narbonne, 131 AD3d 626, 627). The defendant's contention that his pleas were not knowing, intelligent, and voluntary because the court did not inform him of the possibility of additional incarceration if he were to violate a condition of his postrelease supervision is without merit (see People v Monk, 21 NY3d 27, 32).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court