People v Murry (2020 NY Slip Op 03805)





People v Murry


2020 NY Slip Op 03805


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2016-00345
 (Ind. No. 15-00239)

[*1]The People of the State of New York, respondent,
v
Jamar S. Murry, appellant.


Walter J. Storey, Goshen, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered December 3, 2015, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea allocution was insufficient because the County Court failed to inquire into a possible intoxication defense. This contention is unpreserved for appellate review, since the defendant did not move to withdraw his plea in the County Court on this ground (see People v Lopez, 71 NY2d 662, 665; People v Ovalle, 112 AD3d 971, 972; People v Devodier, 102 AD3d 884, 884).
Contrary to the defendant's contention, the "rare case" exception to the preservation requirement does not apply here, as the defendant's recitation of the facts underlying the crime to which he pleaded guilty did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Lujan, 114 AD3d 963, 964; People v Williams, 110 AD3d 746, 747). In any event, we find that the plea was knowingly, voluntarily, and intelligently entered (see People v Harris, 61 NY2d 9; People v Sloane, 177 AD3d 671, 672).
The defendant's valid waiver of his right to appeal precludes appellate review of his claim that the imposed sentence was excessive (see People v Lopez, 6 NY3d 248, 256; People v D'Andria, 170 AD3d 881; People v Swen, 164 AD3d 926).
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court