People v White (2020 NY Slip Op 03929)





People v White


2020 NY Slip Op 03929


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-01606
 (Ind. No. 1987/15)

[*1]The People of the State of New York, respondent,
v
Erik White, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jill Oziemblewski, and Jodi L. Mandel of counsel; Robert Ho on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered October 17, 2016, convicting him of rape in the second degree (8 counts), criminal sexual act in the second degree (16 counts), endangering the welfare of a child, and criminal contempt in the second degree (3 counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to rape in the second degree (8 counts), criminal sexual act in the second degree (16 counts), endangering the welfare of a child, and criminal contempt in the second degree (3 counts). Before the Supreme Court imposed sentence, the defendant moved to withdraw his plea of guilty. The court denied the motion without conducting a hearing.
A motion to withdraw a plea of guilty is addressed to the sound discretion of the court, and its determination generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Balbuenatorres, 179 AD3d 828, 829). When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rests largely in the discretion of the Judge or Justice to whom the motion is made and a hearing will be granted only in rare instances (see People v Manor, 27 NY3d 1012, 1013-1014; People v Balbuenatorres, 179 AD3d at 829). Here, the record supports the Supreme Court's determination that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Balbuenatorres, 179 AD3d at 829).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention in his pro se supplemental brief that he was deprived of the effective assistance of counsel cannot be reviewed on direct appeal because it is based on matters outside the record on appeal (see People v Shabazz, 174 AD3d 824, 825; People v Stevens, 162 AD3d 1077, 1078). The appropriate vehicle for review of such a contention is a motion pursuant to CPL 440.10 (see People v Shabazz, 174 AD3d at 825; People v Stevens, 162 AD3d at 1078).
The defendant's remaining contentions, raised in his pro se supplemental brief, are either forfeited by his guilty plea or without merit.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court