People v Rolling (2020 NY Slip Op 04872)





People v Rolling


2020 NY Slip Op 04872


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-02332
 (Ind. No. 114/17)

[*1]The People of the State of New York, respondent,
v
Jonathan Rolling, appellant.


Steven A. Feldman, Manhasset, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered January 31, 2018, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with three counts of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the third degree. On January 3, 2018, the defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree in exchange for a promised sentence not to exceed a term of imprisonment of eight years to be followed by a period of postrelease supervision of three years. On January 31, 2018, the defendant was sentenced to a determinate term of imprisonment of 6½ years to be followed by a period of postrelease supervision of 3 years.
The defendant contends that his plea of guilty was involuntary because the County Court did not advise him of the possibility that he could be deported as a consequence of his plea (see generally People v Peque, 22 NY3d 168). Under the circumstances of this case, where nothing in the record contradicts the defendant's statement made under oath, during the plea proceeding, that he was a citizen of the United States, or the information in the Department of Probation Presentence Investigation Report indicating that the defendant was a United States citizen, we reject the defendant's contention (see People v Williams, 178 AD3d 1095; People v Tull, 159 AD3d 1387, 1387-1388).
The defendant's contention that the sentence imposed violated the Eighth Amendment to the United States Constitution and article I, section 5 of the New York Constitution prohibiting cruel and unusual punishment is unpreserved for appellate review (see People v Pena, 28 NY3d 727, 730; People v Cerasaro, 179 AD3d 832) and, in any event, without merit (see People v Parsley, 150 AD3d 894, 896; People v Miller, 74 AD3d 1097, 1097).
The defendant's valid waiver of his right to appeal precludes appellate review of his claim that the sentence imposed was excessive (see People v Sanders, 25 NY3d 337, 341; People [*2]v Lopez, 6 NY3d 248, 254; People v Ovalles, 161 AD3d 1107, 1108).
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court