People v Barrow (2020 NY Slip Op 05911)





People v Barrow


2020 NY Slip Op 05911


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-02883
 (Ind. No. 3224/15)

[*1]The People of the State of New York, respondent,
v
Ronald Barrow, appellant.


Janet E. Sabel, New York, NY (Dalourny Nemorin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sarah G. Pitts of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin P. Murphy, J.), rendered August 23, 2017, convicting him of aggravated cruelty to animals, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not voluntary because the Supreme Court failed to inquire into a possible intoxication defense is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the court (see People v Lopez, 71 NY2d 662, 665; People v Pray, 183 AD3d 842, 842; People v Anderson, 170 AD3d 878). The "rare case" exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (People v Lopez, 71 NY2d at 666; see People v Murry, 185 AD3d 722; People v Loftus, 183 AD3d 631, 632; People v Williams, 110 AD3d 746, 747). In any event, we find that the plea was knowingly, voluntarily, and intelligently entered (see People v Harris, 61 NY2d 9). Contrary to the defendant's contention, his postplea statements at sentencing did not obligate the court to conduct a sua sponte inquiry concerning a possible intoxication defense (see People v Anderson, 170 AD3d 878; People v Larock, 139 AD3d 1241, 1242; see also People v Diaz-Hernandez, 166 AD3d 1389, 1390).
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court