People v Ruiz-Solano (2020 NY Slip Op 07104)





People v Ruiz-Solano


2020 NY Slip Op 07104


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-06961
 (Ind. No. 430/14)

[*1]The People of the State of New York, respondent,
v
Santos Elena Ruiz-Solano, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen L. Braslow, J.), rendered March 2, 2017, convicting her of murder in the second degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that her plea of guilty was not knowing, voluntary, and intelligent. The defendant failed to preserve this contention for appellate review since she did not move to vacate her plea or otherwise raise the issue before the County Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665; People v Booker, 184 AD3d 772). Moreover, contrary to the defendant's contention, the exception to the preservation requirement does not apply here, since the plea allocution did not cast significant doubt upon the defendant's guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Pray, 183 AD3d 842, 842; People v Loftus, 183 AD3d 631, 632). In any event, the defendant's contention is without merit, as the record as a whole affirmatively demonstrates that the defendant entered her plea of guilty knowingly, voluntarily, and intelligently (see People v Sougou, 26 NY3d 1052, 1055; People v Pray, 183 AD3d at 842; People v Loftus, 183 AD3d at 632). Contrary to the defendant's contention, the chronology in which the court conducted the plea allocution does not render her plea invalid (see People v Pray, 183 AD3d at 842; People v Martinez, 159 AD3d 836, 836; see also People v Conceicao, 26 NY3d 375, 382-383). To the extent that the defendant argues that she was not properly informed of the deportation consequences of pleading guilty, that contention is belied by the record, which reveals that the court advised the defendant of the possibility that she would be deported (see People v Plaza, 178 AD3d 958, 958-959; People v Ramsood, 161 AD3d 1198, 1199; People v Mohammad, 148 AD3d 1185, 1185).
Contrary to the defendant's contention, since she did not move to withdraw her plea prior to sentencing, and since there was nothing in her plea allocution that would cast doubt on her guilt or otherwise call into question the voluntariness of her plea, the County Court was under no obligation to conduct a sua sponte inquiry into certain statements she made to the probation officer who prepared the presentence report (see People v Loftus, 183 AD3d at 631; People v Ospina, 175 [*2]AD3d 513, 514). In any event, the sentencing minutes demonstrate that the court conducted an inquiry at the People's request (see People v Martinez, 159 AD3d at 837).
The defendant's contention that she was denied the right to counsel of her choice at the sentencing proceeding is unpreserved for appellate review, as she never made a request for new counsel or an adjournment to retain private counsel (see CPL 470.05[2]; People v Orminski, 108 AD3d 864, 866; People v Ebert, 18 AD3d 963, 964; see also People v Ajin-Michicoj, 183 AD3d 633, 633). In any event, it would have been a provident exercise of discretion to deny any such request made at the sentencing proceeding (see People v Charles, 116 AD3d 967, 967; People v Harrison, 112 AD3d 967, 968; People v Martin, 41 AD3d 616, 617).
By pleading guilty, the defendant forfeited appellate review of her claims of ineffective assistance of counsel that did not directly involve the plea bargaining process and sentence (see People v Petgen, 55 NY2d 529, 535 n 3; People v Bhuiyan, 181 AD3d 699, 701; People v Parker, 176 AD3d 1106, 1107; People v Brown, 170 AD3d 878, 879). To the extent that the defendant's contention relates to alleged ineffective assistance that directly involves the plea negotiation process and sentence, it is based on matters outside the record on appeal (see People v White, 185 AD3d 842; People v Shabazz, 174 AD3d 824, 825; People v Stevens, 162 AD3d 1077, 1078). The appropriate vehicle for review of such a contention is a motion pursuant to CPL 440.10 (see People v Shabazz, 174 AD3d at 825; People v Stevens, 162 AD3d at 1078).
The defendant's remaining contentions are without merit.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court