People v Seymour (2020 NY Slip Op 07597)





People v Seymour


2020 NY Slip Op 07597


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-01729
 (Ind. No. 3365/18)

[*1]The People of the State of New York, respondent,
v
Brian Seymour, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner,
and Michael Bierce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered November 29, 2018, convicting him of attempted sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the sentence imposed violated his rights under the Eighth Amendment to the United States Constitution and article I, section 5 of the New York Constitution prohibiting cruel and unusual punishment is unpreserved for appellate review (see People v Pena, 28 NY3d 727, 730), and, in any event, without merit (see People v Rolling, 186 AD3d 1264, 1264).
The defendant's purported waiver of his right to appeal was invalid because both the oral colloquy and the written waiver executed by the defendant suggest that the waiver encompasses an absolute bar to the taking of a direct appeal (see People v Thomas, 34 NY3d 545, 545; People v Howard, 183 AD3d 640, 640). Thus, the purported waiver does not preclude this Court from reviewing the issue of whether the defendant's sentence is excessive (see People v Fuller, 163 AD3d 715, 715). However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., MILLER, DUFFY, LASALLE, and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court