People v Lopez (2021 NY Slip Op 02545)





People v Lopez


2021 NY Slip Op 02545


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2020-01718

[*1]The People of the State of New York, respondent,
v
Miguel Lopez, appellant. (S.C.I. No. 1872/19)


Law Office of Yifei He PLLC, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle S. Fenn of counsel; Lorrie A. Zinno on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Mary Bejarano, J., at plea; Bruna L. DiBiase, J., at sentence), rendered January 8, 2020, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that his plea of guilty was not voluntarily entered because the Supreme Court did not adequately advise him of the immigration consequences of his plea, as he failed to raise the issue or move to withdraw his plea despite indicating on the record that he was aware that he could be deported as a result of pleading guilty (see People v Pastor, 28 NY3d 1089, 1091; People v Peque, 22 NY3d 168, 183; People v Ramsood, 161 AD3d 1198, 1199). In any event, this contention is without merit, as the record demonstrates that the court fulfilled its obligation to provide the defendant with a "short, straightforward statement on the record" advising him that he could be deported as a result of his plea of guilty (People v Peque, 22 NY3d at 197; see People v Ruiz-Solano, 188 AD3d 1267; People v Sanchez, 152 AD3d 548; People v Mohammad, 148 AD3d 1185, 1185).
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court