People v Steele (2021 NY Slip Op 04622)





People v Steele


2021 NY Slip Op 04622


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-05774
 (Ind. No. 2331/14)

[*1]The People of the State of New York, respondent,
v
John R. Steele, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani and Kirk R. Brandt of counsel; Devin Loguerico on the brief), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce and Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Richard Ambro, J.), rendered November 23, 2015, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court should have conducted a further inquiry before imposing sentence, based upon certain postplea assertions made by him, is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the court (see People v Lopez, 71 NY2d 662, 665; People v Barrow, 187 AD3d 1034, 1034; People v Lopez-Hilario, 178 AD3d 1078, 1078; People v Anderson, 170 AD3d 878, 878). Moreover, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666; People v Barrow, 187 AD3d at 1034; People v Anderson, 170 AD3d at 878). In any event, the defendant's postplea statements at sentencing did not obligate the court to conduct a sua sponte inquiry concerning a possible justification defense (see People v Barrow, 187 AD3d at 1035; People v Anderson, 170 AD3d at 878; People v Ropiza, 100 AD3d 935, 936).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court