People v Lopez (2021 NY Slip Op 06705)





People v Lopez


2021 NY Slip Op 06705


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-10420
 (Ind. No. 1233/18)

[*1]The People of the State of New York, respondent,
v
Jose Lopez, appellant.


Laurette D. Mulry, Riverhead, NY (Felice Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello, Marion Tang, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Richard Ambro, J.), rendered August 13, 2019, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of [that] discretion" (People v Bennett, 115 AD3d 973, 973-974 [internal quotation marks omitted]; see CPL 220.60[3]; People v Balbuenatorres, 179 AD3d 828, 829). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (People v Jackson, 170 AD3d 1040, 1040 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Viewing the record as a whole, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Bhuiyan, 181 AD3d 699, 700; People v Jackson, 170 AD3d at 1040-1041).
The defendant's contention that his attorney rendered ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court