People v Navarro (2022 NY Slip Op 01045)





People v Navarro


2022 NY Slip Op 01045


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2018-06515

[*1]The People of the State of New York, respondent,
v
Marlon Navarro, appellant. 


Patricia Pazner, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marguerite Dougherty, J.), rendered April 11, 2018, convicting him of criminal trespass in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the sentence imposed violated his rights under the Eighth Amendment to the United States Constitution and article I, section 5, of the New York State Constitution, prohibiting cruel and unusual punishment, is unpreserved for appellate review (see People v Pena, 28 NY3d 727, 730), and, in any event, without merit (see People v Rolling, 186 AD3d 1264).
The record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The Supreme Court mischaracterized the nature of the right to appeal by stating that the defendant's conviction and sentence would be final (see People v Bisono, 36 NY3d 1013, 1017-1018; People v Thomas, 34 NY3d 545, 564-566; People v Mojica, 178 AD3d 856, 856), and the written waiver form did not overcome the deficiencies in the court's explanation of the right to appeal, as it did not contain clarifying language that appellate review remained available for select issues (see People v Thomas, 34 NY3d at 566; People v Brown, 195 AD3d 943). Thus, the purported waiver does not preclude this Court from reviewing the issue of whether the defendant's sentence is excessive (see People v Seymour, 189 AD3d 1269, 1270; People v Mojica, 178 AD3d at 856).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court