People v Lorenzo-Perez (2022 NY Slip Op 01464)





People v Lorenzo-Perez


2022 NY Slip Op 01464


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2017-09780
 (Ind. No. 16-00086)

[*1]The People of the State of New York, respondent,
v
Thomas Lorenzo-Perez, appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Barry E. Warhit, J., at plea; Kevin F. Russo, J., at sentence), rendered January 25, 2017, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record demonstrates that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Thomas, 34 NY3d 545; People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256). The County Court's colloquy on this issue "mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal" (People v Howard, 183 AD3d 640, 640; see People v Momoh, 192 AD3d 915, 916; People v Coverdale, 189 AD3d 1610, 1610; People v Dixon, 184 AD3d 854, 855). The written waiver form, which also improperly indicated that the defendant was waiving "any and all" appellate rights and which otherwise failed to inform the defendant that appellate review remained available for select issues, did not overcome the court's error (see People v Thomas, 34 NY3d at 565-566; People v Momoh, 192 AD3d at 916; People v Seymour, 189 AD3d 1269; People v Dixon, 184 AD3d at 855). Thus, the defendant's purported waiver of his right to appeal was invalid and does not preclude appellate review of his excessive sentence claim.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that his plea of guilty was not voluntary because the County Court failed to inquire into a possible intoxication defense is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise the issue before the court (see People v Lopez, 71 NY2d 662, 665; People v Barrow, 187 AD3d 1034, 1034). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666; People v Steele, 197 AD3d 512, 513; People v Barrow, 187 AD3d at 1034-1035; People v Loftus, 183 AD3d 631, 632). In any event, the record establishes that the plea was knowingly, voluntarily, [*2]and intelligently entered (see People v Harris, 61 NY2d 9; People v Barrow, 187 AD3d at 1035). Contrary to the defendant's contention, his postplea statements reflected in the presentence report did not obligate the court to conduct a sua sponte inquiry concerning a possible intoxication defense (see People v Steele, 197 AD3d at 513; People v Barrow, 187 AD3d at 1035; People v Lopez-Hilario, 178 AD3d 1078, 1078-1079; People v Anderson, 170 AD3d 878, 878).
The defendant's claim that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court