People v Cuenca (2022 NY Slip Op 05329)

People v Cuenca

2022 NY Slip Op 05329

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2019-11887

[*1]The People of the State of New York, respondent,
v
Michael Cuenca, appellant. (S.C.I. No. 2421/18)

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Candi Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Suzanne Melendez, J.), rendered March 22, 2019, convicting him of reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his challenge to the validity of his guilty plea, as he did not move to withdraw the plea, or otherwise raise the issue before the Supreme Court (see People v Lopez, 71 NY2d 662, 665-666; People v Steele, 197 AD3d 512, 512-513; People v Barrow, 187 AD3d 1034). Moreover, contrary to the defendant's contention, the narrow exception to the preservation rule is inapplicable here, as nothing in the plea allocution casts doubt upon his guilt, negated an essential element of the crime, or called into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Rosado, 177 AD3d 664, 665; People v Jackson, 170 AD3d 1040, 1040). In any event, the defendant knowingly and voluntarily allocuted to the facts constituting the offense, while under oath at the plea proceeding, and the record of the plea proceeding demonstrates that the plea was knowingly, voluntarily, and intelligently made (see People v Fiumefreddo, 82 NY2d 536, 543; People v Anderson, 170 AD3d 878; People v Sidique, 167 AD3d 665). Contrary to the defendant's contention, certain postplea statements attributed to the defendant in the presentence report did not obligate the sentencing court to conduct a sua sponte inquiry into the validity of the defendant's plea of guilty (see People v Anderson, 170 AD3d 878; People v Najera, 170 AD3d 753, 754; People v Sidique, 167 AD3d 665; People v Appling, 94 AD3d 1135, 1136).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court