People v Floyd (2023 NY Slip Op 03802)

People v Floyd

2023 NY Slip Op 03802

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
HELEN VOUTSINAS, JJ.

2021-03454
 (Ind. No. 593/18)

[*1]The People of the State of New York, respondent,
v
John Floyd III, appellant.

Paul N. Weber, Cornwall, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Richard H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered April 21, 2021, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated conditions thereof, upon his admission and after a hearing, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a controlled substance in the third degree.
ORDERED that the amended judgment is affirmed.
Contrary to the defendant's contention, his admission to intentionally damaging his former girlfriend's cell phone was sufficient to establish a violation of probation despite the fact that his arrest for that incident resulted in an adjournment in contemplation of dismissal (see People v Tavarez, 66 AD3d 552).
Contrary to the People's contention, the record demonstrates that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Thomas, 34 NY3d 545; People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256). The County Court's colloquy on this issue "mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal" (People v Howard, 183 AD3d 640, 640; see People v Lorenzo-Perez, 203 AD3d 847, 847; People v Momoh, 192 AD3d 915, 916; People v Coverdale, 189 AD3d 1610, 1610). The written waiver form, which also improperly indicated that the defendant was waiving "any and all" appellate rights and which otherwise failed to inform the defendant that appellate review remained available for select issues, did not overcome the court's error (see People v Thomas, 34 NY3d at 565-566; People v Lorenzo-Perez, 203 AD3d at 847; People v Momoh, 192 AD3d at 916; People v Seymour, 189 AD3d 1269). Thus, the defendant's purported waiver of his right to appeal was invalid and does not preclude appellate review of his excessive sentence claim.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
CONNOLLY, J.P., BRATHWAITE NELSON, CHAMBERS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court