People v Ferrara (2025 NY Slip Op 06618)

People v Ferrara

2025 NY Slip Op 06618

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2024-01245
2024-13147

[*1]The People of the State of New York, respondent,
v
Robert Ferrara, appellant. (S.C.I. Nos. 70381/20, 70564/23)

Jillian S. Harrington, Staten Island, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Liora M. Ben-Sorek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from two judgments of the County Court, Nassau County (Tammy S. Robbins, J.), both rendered June 12, 2023, convicting him of aggravated criminal contempt and criminal contempt in the second degree (two counts) under Superior Court Information No. 70381/20 and criminal contempt in the second degree (four counts) under Superior Court Information No. 70564/23, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contentions that his guilty pleas were not knowing, intelligent, and voluntary are unpreserved for appellate review, as he did not move to withdraw his pleas or otherwise raise the issue before the County Court (see CPL 470.05[2]; People v McDonnell, 214 AD3d 826, 827; People v Marinos, 209 AD3d 875, 875). Moreover, the rare case exception to the preservation requirement does not apply here because neither of the defendant's allocutions cast significant doubt on his guilt, negated essential elements of the crimes, or called into question the voluntariness of his pleas (see People v Cuenca, 208 AD3d 1363, 1363; People v Ramos, 164 AD3d 922, 922-923).
In any event, the record of the plea proceedings demonstrate that both pleas were knowingly, voluntarily, and intelligently made. "Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused" (People v Garcia, 92 NY2d 869, 870 [internal quotation marks omitted]). "It is axiomatic that the court 'need not engage in any particular litany' in order to ensure that a defendant makes a 'knowing, voluntary and intelligent choice among alternative courses of action'" (People v Scott, 151 AD3d 1702, 1702, quoting People v Conceicao, 26 NY3d 375, 382). "Rather, '[i]t is enough that the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea'" (People v Marinos, 209 AD3d at 875-876, quoting People v Goldstein, 12 NY3d 295, 301). Here, that the County Court advised the defendant during both plea allocutions that he was waiving certain constitutional rights, taken together with the rationality of the pleas and other assurances of voluntariness during both allocutions provided on the record, demonstrate that the defendant's pleas [*2]of guilty were knowing, voluntary, and intelligent (see People v Pray, 183 AD3d 842, 843).
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court