People v Jeffers (2025 NY Slip Op 07022)

People v Jeffers

2025 NY Slip Op 07022

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2022-00947
 (Ind. No. 1350/19)

[*1]The People of the State of New York, respondent,
vVernon Jeffers, appellant.

Twyla Carter, New York, NY (Danielle A. Bernstein of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Racaiim McKain on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Yavinsky, J.), rendered January 19, 2022, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Generally, a defendant must preserve for appellate review a challenge to the validity of a plea of guilty by moving to withdraw it or otherwise objecting to its entry prior to the imposition of sentence (see People v Williams, 27 NY3d 212, 214). Here, the defendant did not move to withdraw his plea of guilty or object to its entry prior to the sentence being imposed. Contrary to the defendant's contention, the exception to the preservation requirement does not apply here. As the defendant did not move to withdraw his plea prior to sentencing, and as there was nothing in the plea allocution that would cast doubt on the defendant's guilt or otherwise call into question the plea's voluntariness, the sentencing court was under no obligation to conduct a sua sponte inquiry into certain statements the defendant made during presentence interviews (see People v Loftus, 183 AD3d 631, 632; People v Ospina, 175 AD3d 513, 514). Thus, the defendant's challenge to the validity of his plea of guilty is unpreserved for appellate review (see CPL 470.05[2]). In any event, the record as a whole discloses that the defendant entered his plea of guilty understandingly, knowingly, and voluntarily (see generally People v Conceicao, 26 NY3d 375, 382-384).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court