People v Alvarez (2026 NY Slip Op 01798)

People v Alvarez

2026 NY Slip Op 01798

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-07314
 (Ind. No. 70637/21)

[*1]The People of the State of New York, respondent,
vRood Alvarez, appellant.

Richard M. Langone, Garden City, NY, for appellant, and appellant pro se.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards, Monica M. C. Leiter, and Tammy J. Smiley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Teresa K. Corrigan, J.), rendered August 24, 2023, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record establishes that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 340; People v Bradshaw, 18 NY3d 257, 264). The County Court "properly advised the defendant, among other things, that the waiver of the right to appeal did not preclude him from taking an appeal and that 'most claims of error' would not be reviewable" (People v Nesbitt, 244 AD3d 1137, 1138). Contrary to the defendant's contention, "'it was not necessary for the [court] to specifically delineate the various issues that survive a valid appeal waiver'" (id., quoting People v Stevens, 203 AD3d 958, 959).
The defendant's valid waiver of the right to appeal precludes appellate review of his challenge to the factual sufficiency of the plea allocution (see People v Prenaj, 239 AD3d 1001; People v Martinez, 239 AD3d 890).
The defendant's contention that the County Court should have conducted a sua sponte inquiry into the voluntariness of his plea in light of certain statements he made at the sentencing proceeding is unpreserved for appellate review and, in any event, without merit (see People v Rios, ___ NY3d ___, ___, 2026 NY Slip Op 00963, *3; People v Ormsby, 207 AD3d 573; People v Steele, 197 AD3d 512, 512-513; People v Ruiz-Solano, 188 AD3d 1267, 1268).
The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit.
LASALLE, P.J., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court