■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROCCO BUCHICCHIO, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Edelstein, J.), rendered May 30, 1984, convicting him of robbery in the first degree (four counts), upon his plea of guilty, and imposing four indeterminate terms of imprisonment of not less than 7 years and not more than 14 years, all to run concurrently.

Judgment affirmed.

By not moving in the court of first instance to withdraw his plea or vacate his conviction, defendant failed to preserve for appellate review the issue of sufficiency of his plea allocution *(see, People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636). A reversal in the interest of justice is not warranted inasmuch as defendant's plea was the product of plea bargaining freely entered into by the defendant, who is a second felony offender, with the advice of counsel, under which the plea and sentence were in full satisfaction of a 21-count indictment charging him with robbery in the first degree (four counts), grand larceny in the third degree (nine counts), criminal use of a firearm in the first degree (five counts), attempted robbery in the first degree (two counts), and criminal use of a firearm in the second degree *(see, People v Nasti,* 90 AD2d 507; *People v Ebron,* 87 AD2d 653). This is especially true if one notes that even if defendant were only convicted of four counts of robbery in the second degree, he still would have faced a potentially much longer sentence than was actually imposed *(see,* Penal Law § 70.04 [3] [b]).

The absence of a psychiatric evaluation in the presentence report did not make the sentence imposed illegal under CPL 390.30 (3). No such evaluation was ordered by the Trial Judge. The presentence report did incorporate the presentence report in defendant's 1980 conviction for robbery in the third degree, and the Judge in that case had ordered a report which was never received. In this situation, it was not error to impose sentence without a psychiatric evaluation. We note that there is no evidence that such an evaluation was critical to a fair sentencing determination and defendant did not raise the issue of his psychological health prior to this appeal.

Finally, defendant's sentence was not excessive in view of the fact that he was a second felony offender, who, according to the presentence report, was a "continued threat to society". The Trial Judge properly exercised his broad discretion in imposing sentence and no extraordinary circumstances exist which would warrant this court substituting its own discretion for that of the Trial Judge in the interest of justice *(see, People v Suitte,* 90 AD2d 80). Defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed. "Under the circumstances of this case, defendant has no basis to now complain that his sentence was excessive" *(People v Kazepis,* 101 AD2d 816, 817). Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.