■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GEIGEL, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered on January 23, 1984, convicting defendant, upon his plea of guilty, of rape in the first degree and sentencing him to 5 to 15 years in prison, unanimously affirmed.

Defendant was charged with kidnapping his 16-year-old cousin on the evening of July 4, 1982 and repeatedly pistol whipping, raping, and sodomizing her through the night and into the early morning of the following day. At his arraignment on March 7, 1983, a prepleading investigation was ordered. As a result of the investigation, a report was submitted to the court on April 28, 1983, at which time the court *sua sponte* ordered the Department of Probation to supplement the report with a psychiatric evaluation. On May 10, 1983, the Department updated the report but informed the court that the psychiatric evaluation had not yet been conducted. The evaluation was, in fact, never made. After numerous intervening court appearances, on January 23, 1984, defendant pleaded guilty to rape in the first degree in satisfaction of the indictment. His attorney agreed to proceed to sentence on the basis of the prepleading report, noting that defendant had been in continuous custody since his arrest and there were no new circumstances requiring an updated report.

While the court had originally requested a psychiatric evaluation as part of the prepleading investigation, on appeal defendant does not argue that his plea should not have been accepted without the evaluation but only that he should not have been sentenced without it. In any case, contrary to defendant's argument, we find that the court was within its discretion in reconsidering its prior request for an evaluation. *(People v Buchicchio,* 116 AD2d 729; CPL 390.30 [2].) Indeed, there is no evidence that a psychiatric evaluation was necessary to a fair sentencing decision in this case, and we find

that, under the circumstances herein, the prepleading report was sufficiently current and complete to satisfy the requirements of CPL 390.20 (1). Concur—Kupferman, J. P., Carro, Ellerin, Wallach and Smith, JJ.