■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD PALMER, Appellant.—Judgment, Supreme Court, New York County (Jerome Marks, J.), rendered July 22, 1991, convicting defendant, after jury trial, of burglary in the first degree, and robbery in the third degree, and sentencing him to concurrent terms of 7 to 14 years and 3 to 6 years, respectively, unanimously affirmed.

The defendant forcibly entered the complainant's apartment and engaged in a struggle with her father. Thereafter, he demanded money, which the complainant gave him before he fled. The jury acquitted the defendant of robbery in the second degree, but convicted him on a charge of burglary in the first degree. The defendant now argues that the jury verdict is repugnant since it found he inflicted a physical injury upon the complainant's father in convicting on the burglary count, but not in acquitting upon the robbery in the second degree count. We disagree.

The record demonstrates that defendant committed the injury during the break into the apartment, and that the burglary was completed prior to the demand for money.

In addition, the complainant's father received five stitches, a swollen lip, a sore eye, and complained of pain for two to three weeks. Moreover, an eye condition also was aggravated after the injury. Therefore, the record supports the finding that he suffered substantial pain (Penal Law § 10.00 [9]; *Matter of Philip A.,* 49 NY2d 198). Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.