THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS WEINSHEIMER, Appellant. [890 NYS2d 128]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Hawkins*, 11 NY3d 484, 493 [2008]; *People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove the physical injury element of burglary in the first degree (*see* Penal Law § 140.30 [2]; *People v Palmer*, 190 AD2d 564 [1993]; *cf. People v Hernandez*, 82 NY2d 309, 318-319 [1993]).

The trial court properly denied the defendant's request for a missing witness charge, as the uncalled witness was equally available to both parties, and was not under the control of the People (*see People v Jean-Baptiste*, 37 AD3d 852 [2007]).

"A presentence report may include any relevant information on the history of the defendant (*see* CPL 390.30) and may include history not only of prior offenses for which defendant has been convicted, but even offenses for which he has not been convicted" (*People v Whalen*, 99 AD2d 883, 884 [1984]). However, the court "must assure itself that the information upon which it bases the sentence is reliable and accurate"

(*People v Outley*, 80 NY2d 702, 712 [1993]). Here, the trial court properly relied on the information in the presentence investigation report in sentencing the defendant.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85 [1982]).

The defendant's remaining contentions are without merit. Fisher, J.P., Angiolillo, Lott and Sgroi, JJ., concur.