People v Negriel (2020 NY Slip Op 01647)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Negriel

2020 NY Slip Op 01647

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-11206
(Ind. No. 17-01259)

[*1]The People of the State of New York, respondent,
vIsrael Negriel, appellant.

Calhoun & Lawrence, LLP, White Plains, NY (Clinton W. Calhoun III of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Jordan K. Hummel of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered July 31, 2018, convicting him of rape in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review as he did not move to vacate his plea or otherwise raise this issue before the Supreme Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665; People v Jackson, 114 AD3d 807). Contrary to the defendant's contention, the exception to the preservation requirement does not apply in this case because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666). In any event, the plea allocution was sufficient. "[A]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime" (People v Goldstein, 12 NY3d 295, 301; see People v Seeber, 4 NY3d 780, 781). A plea allocution is sufficient if it "shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d at 301). Here, the record demonstrates that the defendant understood the charges and made an intelligent decision to accept the plea.
The defendant's contention that he was deprived of the effective assistance of counsel is without merit (see People v Caban, 5 NY3d 143, 152; People v Baldi, 54 NY2d 137, 147).
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court