People v Christopher B. (2020 NY Slip Op 03242)





People v Christopher B.


2020 NY Slip Op 03242


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-12076
 (Ind. No. 1223/17)

[*1]The People of the State of New York, respondent,
v
Christopher B. (Anonymous), appellant.


Paul Skip Laisure, New York, NY (Kendra L. Hutchinson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Thomas Ross, and Peter N. Pearl of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), imposed September 19, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant entered into a plea agreement pursuant to which he pleaded guilty to robbery in the first degree. He was adjudicated a youthful offender and sentenced to one year in jail.
On appeal, the defendant contends that the sentence imposed was excessive. The People argue that appellate review of the defendant's contention is precluded because he waived his right to appeal and that, in any event, the defendant's sentence was not excessive.
"In New York, a criminal defendant has the right to appeal from a judgment of conviction and sentence" (People v Batista, 167 AD3d 69, 72; see CPL 450.10). However, a defendant may waive, as a condition of a plea agreement, "the right to have the appellate court review most claims of error as well as whether the sentence imposed was excessive" (People v Batista, 167 AD3d at 73; see William C. Donnino, 2012 Supp Practice Commentaries, McKinney's Cons Laws of NY, CPL 450.10). Although such a waiver is often characterized as "a waiver of appeal, which suggests an absolute relinquishment of all appellate opportunity, [it] is in reality a limitation on the issues that may be effectively reviewed on appeal" (People v Batista, 167 AD3d at 79 [Scheinkman, P.J., concurring])
A valid waiver that broadly limits the scope of appeal will generally preclude appellate review of "any issue that does not involve a right of constitutional dimension going to the very heart of the process'" (People v Lopez, 6 NY3d 248, 255, quoting People v Hansen, 95 NY2d 227, 230; see People v Batista, 167 AD3d at 73). Even after executing such a waiver, however, "a defendant [still] retains the right to appellate review of . . . the voluntariness of the plea and appeal waiver, legality of the sentence and the jurisdiction of the court" (People v Thomas, 34 NY3d 545, 566).
A waiver that limits the scope of appellate review "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d at 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right[s] [are] known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving [those appellate rights]" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284, 1284-1285; People v Blackwood, 148 AD3d 716, 716).
The Court of Appeals has stated that "when a trial court has utterly mischaracterized the nature of the right a defendant was being asked to cede,' an appellate court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights'" (People v Thomas, 34 NY3d at 565-566, quoting People v Lopez, 6 NY3d at 256-257). However, even if a trial court mischaracterizes the nature or effect of a waiver that limits the scope of appellate review, the waiver may be "enforceable so long as the totality of the circumstances reveals that the defendant understood the nature of the appellate rights being waived" (People v Thomas, 34 NY3d at 559). "[I]n determining whether the record demonstrates that a defendant understood [the] waiver's consequences, proper considerations include the defendant's consultation with counsel and on-the-record acknowledgments of understanding, a written appeal waiver that supplements or clarifies the court's oral advice and the defendant's experience with the criminal justice system" (id. at 560; see People v Sanders, 25 NY3d 337, 341-342; People v Bradshaw, 18 NY3d 257, 267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 256).
Here, the Supreme Court properly explained to the defendant the nature of the right to appeal and distinguished that right from the rights automatically forfeited upon pleading guilty. However, the court mischaracterized the effect of the waiver on the defendant's right to appeal. In this regard, the court, after describing the function of an appellate court, concluded its explanation of the waiver by stating: "What all this means, though, is that this plea and the sentence I am going to impose are final and that higher court will not have a chance to review it."
As the Court of Appeals has recently stated: "The improper description of the scope of the appellate rights relinquished by the waiver is refuted by . . . precedent, whereby a defendant retains the right to appellate review of very selective fundamental issues, including the voluntariness of the plea and appeal waiver, legality of the sentence and the jurisdiction of the court" (People v Thomas, 34 NY3d at 566). Accordingly, it was incorrect for the Supreme Court to convey to the defendant that an appellate court would have no authority to review the plea or the sentence under any circumstances.
Furthermore, the record in this case does not include any "clarifying language" indicating that "appellate review remained available for certain issues" or that "the right to take an appeal was retained" (id. at 564). Although the People cite to a written waiver that was apparently signed by the defendant, the Supreme Court "failed to confirm that [the defendant] understood the contents of the written waiver[ ]" (id. at 566). In any event, the written waiver does not indicate that appellate review remained for certain limited issues, but rather, merely stated that "[the] sentence and conviction will be final" (cf. NY Model Colloquies, Waiver of Right to Appeal).
Although the defendant had prior experience with the criminal justice system, he was only 19 years old at the time of the plea and sentence, and had not completed high school. On this record, and based on the totality of the circumstances, we cannot conclude that the defendant understood the nature of the appellate rights that he was waiving given the "erroneous advisements warning of absolute bars to the pursuit of all potential remedies" (People v Thomas, 34 NY3d at 566). Inasmuch as the record does not establish that the waiver limiting the scope of appeal was knowingly or voluntarily made, it cannot be enforced (see id.). Accordingly, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Johnson, 157 AD3d 964, 965).
Contrary to the defendant's contention, however, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court