People v Leiva (2020 NY Slip Op 03391)





People v Leiva


2020 NY Slip Op 03391


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-15058

[*1]The People of the State of New York, respondent,
v
Steven Leiva, appellant. (S.C.I. No. 2233/18)


Paul Skip Laisure, New York, NY (Kendra L. Hutchinson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Roni Piplani of counsel; Anmari Guerrero on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Gia Lynne Morris, J.), imposed November 14, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545; People v Bradshaw, 18 NY3d 257, 265). The Supreme Court's statement to the defendant that by signing the appeal waiver form, the defendant was giving up his right to appeal and "there will be no appeal to a higher court" suggested that the waiver may be an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d at 565-566). The written appeal waiver form did not overcome the defect in the court's explanation of the right to appeal, as it did not contain clarifying language that appellate review remained available for select issues (see id. at 565-566). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715, 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court