People v Eduardo S. (2020 NY Slip Op 04873)





People v Eduardo S.


2020 NY Slip Op 04873


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2019-00382
 (Ind. No. 1393/18)

[*1]The People of the State of New York, respondent,
v
Eduardo S. (Anonymous), appellant.


Paul Skip Laisure, New York, NY (Paris C. DeYoung of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel; Eleanor Reilly on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Lenora Gerald, J.), imposed November 28, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant entered into a plea agreement pursuant to which he pleaded guilty to robbery in the third degree. He was adjudicated a youthful offender and sentenced to a three-year period of conditional discharge.
On appeal, the defendant contends that the sentence imposed was excessive. The People argue that appellate review of the defendant's contention is precluded because he waived his right to appeal, and that, in any event, the defendant's sentence was not excessive.
"In New York, a criminal defendant has the right to appeal from a judgment of conviction and sentence" (People v Batista, 167 AD3d 69, 72; see CPL 450.10). However, a defendant may waive, as a condition of a plea agreement, "the right to have the appellate court review most claims of error as well as whether the sentence imposed was excessive" (People v Batista, 167 AD3d at 73; see William C. Donnino, 2012 Supp Practice Commentaries, McKinney's Cons Laws of NY, CPL 450.10). Although such a waiver is often characterized as "a waiver of appeal, which suggests an absolute relinquishment of all appellate opportunity, [it] is in reality a limitation on the issues that may be effectively reviewed on appeal" (People v Batista, 167 AD3d at 79 [Scheinkman, P.J., concurring]; see People v Christopher B., 184 AD3d 657).
A valid waiver that broadly limits the scope of appeal will generally preclude appellate review of "any issue that does not involve a right of constitutional dimension going to the very heart of the process'" (People v Lopez, 6 NY3d 248, 255, quoting People v Hansen, 95 NY2d 227, 230; see People v Batista, 167 AD3d at 73). Even after executing such a waiver, however, "a defendant [still] retains the right to appellate review of . . . the voluntariness of the plea and appeal waiver, legality of the sentence and the jurisdiction of the court" (People v Thomas, 34 NY3d 545, [*2]566; see People v Christopher B., 184 AD3d 657).
A waiver that limits the scope of appellate review "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d at 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133, 136). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right[s] [are] known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving [those appellate rights]" (People v Brown, 122 AD3d at 142; see People v Rocchino, 153 AD3d 1284, 1284-1285; People v Blackwood, 148 AD3d 716, 716).
The Court of Appeals has stated that "when a trial court has utterly mischaracterized the nature of the right a defendant was being asked to cede,' an appellate court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights'" (People v Thomas, 34 NY3d at 565-566, quoting People v Lopez, 6 NY3d at 256-257). However, even if a trial court mischaracterizes the nature or effect of a waiver that limits the scope of appellate review, the waiver may be "enforceable so long as the totality of the circumstances reveals that the defendant understood the nature of the appellate rights being waived" (People v Thomas, 34 NY3d at 559). "[I]n determining whether the record demonstrates that a defendant understood [the] waiver's consequences, proper considerations include the defendant's consultation with counsel and on-the-record acknowledgments of understanding, a written appeal waiver that supplements or clarifies the court's oral advice and the defendant's experience with the criminal justice system" (id. at 560; see People v Sanders, 25 NY3d 337, 341-342; People v Bradshaw, 18 NY3d 257, 267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 256).
In this case, the People's extended defense of the appeal waiver is unconvincing. As an initial matter, the appeal waiver was not mentioned by the Supreme Court prior to the defendant's plea of guilty, but only afterward. Accordingly, "the defendant received no material benefit from his appeal waiver, as the court had already accepted the defendant's plea and made its sentence promise" (People v Sutton, 184 AD3d 236, 245). Under such circumstances and in the absence of a request by the People, "the court's insistence upon the execution of an appeal waiver was a gratuitous, after-the-fact additional demand asserted after the bargain had already been struck" (id. at 245). In addition, the court's colloquy on this issue, conducted after the plea had already been accepted, "mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal" (People v Howard, 183 AD3d 640, 640; see People v Thomas, 34 NY3d at 565-566; People v Leiva, 184 AD3d 731; People v Christopher B., 184 AD3d 657). Contrary to the People's contention, "these defects were not cured by the terms of the standard written appeal waiver form, which not only lacked detail and repeated many of the mischaracterizations contained in the court's colloquy, but further misstated that the defendant was giving up the right to all postconviction relief separate from the direct appeal" (People v Howard, 183 AD3d at 640; see People v Thomas, 34 NY3d at 565-566; People v Leiva, 184 AD3d 731; People v Chy, 184 AD3d 664; see also People v Christopher B., 184 AD3d 657).
On this record, and based on the totality of the circumstances, including the defendant's young age and his inexperience with the criminal justice system, we cannot conclude that the defendant understood the nature of the appellate rights that he was waiving (see People v Thomas, 34 NY3d at 566; People v Christopher B., 184 AD3d 657). Inasmuch as the record does not establish that the waiver limiting the scope of appeal was knowingly or voluntarily made, it cannot be enforced (see People v Thomas, 34 NY3d at 566; People v Christopher B., 184 AD3d 657), and, thus, it does not preclude appellate review of the defendant's excessive sentence claim (see e.g. People v Gober, 139 AD3d 872, 872; People v Harper, 103 AD3d 665, 665).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court