People v Kaye (2021 NY Slip Op 00191)





People v Kaye


2021 NY Slip Op 00191


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-03651
 (Ind. No. 79/18)

[*1]The People of the State of New York, respondent,
v
Christopher Kaye, appellant.


Kelley M. Enderley, Poughkeepsie, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of
counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered March 7, 2019, convicting him of bribing a witness, aggravated family offense (12 counts), and criminal contempt in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the County Court's oral colloquy mischaracterized the appellate rights waived as encompassing a bar to filing an appellate brief and the loss of attendant rights to counsel and poor person relief (see People v Thomas, 34 NY3d 545, 560-564; People v Sealey, 187 AD3d 1067; People v Walder, 186 AD3d 1272, 1272). Although the People cite to a written waiver that apparently was signed by the defendant, the court "failed to confirm that [the defendant] understood the contents of the written waiver[ ]" (People v Thomas, 34 NY3d at 566; see People v Christopher B., 184 AD3d 657, 659; People v Slade, 180 AD3d 1073, 1075).
Nevertheless, even though the purported appeal waiver is not valid, the defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review, as he did not move to vacate his plea or otherwise raise the issue before the County Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665; People v Negriel, 181 AD3d 724, 725). Contrary to the defendant's contention, the exception to the preservation requirement does not apply to this case because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Negriel, 181 AD3d at 725). Further, this was not one of the "rare cases where the defendant lacks a reasonable opportunity to object to a fundamental defect in the plea which is clear on the face of the record and to which 'the court's attention should have been instantly drawn,' such that 'the salutary purpose of the preservation rule is . . . not jeopardized'" (People v Williams, 27 NY3d 212, 214, quoting People v Lopez,71 NY2d at 666).
In any event, "an allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime" (People v Goldstein, 12 [*2]NY3d 295, 301; see People v Lopez, 71 NY2d at 666 n 2). "A plea allocution is sufficient if it shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Negriel, 181 AD3d at 725 [internal quotation marks omitted]). The record here shows that the defendant understood the charges and made an intelligent decision to enter the plea.
The County Court did not improvidently exercise its discretion by refusing to order a mental health evaluation of the defendant pursuant to CPL 390.30(2) (see People v Bey, 140 AD3d 1079, 1080; People v Geigel, 168 AD2d 229, 229-230; People v Buchicchio, 116 AD2d 729, 730).
The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court