People v Momoh (2021 NY Slip Op 08251)





People v Momoh


2021 NY Slip Op 08251


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-12551

[*1]The People of the State of New York, respondent,
v
Michel Momoh, appellant. (S.C.I. No. 17-00240)


Salvatore C. Adamo, New York, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher and Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Kevin F. Russo, J.), rendered September 26, 2018, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal is invalid. A waiver that limits the scope of appellate review "is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264; People v Brown, 122 AD3d 133). Although the Court of Appeals has "repeatedly observed that there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights" (People v Johnson, 14 NY3d 483, 486), "[t]he best way to ensure that the record reflects that the right[s] [are] known and intentionally relinquished by the defendant is to fully explain to the defendant, on the record, the nature of the right to appeal and the consequences of waiving [those appellate rights]" (People v Brown, 122 AD3d at 142; see People v Moncrieft, 168 AD3d 982, 983; People v Rocchino, 153 AD3d 1284, 1284-1285; People v Blackwood, 148 AD3d 716, 716).
Here, the transcript of the plea proceeding reveals that the County Court failed to sufficiently advise the defendant of the nature of his right to appeal and the consequences of waiving that right (see People v Israel, 172 AD3d 1405, 1405; People v Moncrieft, 168 AD3d at 984; People v Batista, 167 AD3d 69, 76; People v Brown, 122 AD3d at 142). The court's colloquy on this issue "mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal" (People v Howard, 183 AD3d 640, 640; see People v Thomas, 34 NY3d 545, 565-566; People v Leiva, 184 AD3d 731; People v Christopher B., 184 AD3d 657, 659). Contrary to the People's contention, this improper description of the scope of the appellate rights relinquished by the waiver was not cured by the standard written appeal waiver form, which also improperly indicated that the defendant was waiving "any and all" appellate rights and which otherwise failed to inform the defendant that appellate review remained available for select issues (see People v Thomas, 34 NY3d at 565-566; People v Seymour, 189 AD3d 1269; People v Eduardo S., 186 AD3d 1265, 1267-1268; People v Howard, 183 AD3d at 640). As the Court of Appeals has recently reiterated, "[t]he improper description of the scope of the appellate rights relinquished by the waiver is refuted by . . . precedent, whereby a defendant retains the right to appellate review of very selective [*2]fundamental issues, including the voluntariness of the plea and appeal waiver, legality of the sentence and the jurisdiction of the court" (People v Thomas, 34 NY3d at 566; see People v Leiva, 184 AD3d 731; People v Christopher B., 184 AD3d at 659). On this record, we cannot conclude that the defendant understood the nature of the appellate rights that he was waiving (see People v Thomas, 34 NY3d at 566; People v Leiva, 184 AD3d 731; People v Christopher B., 184 AD3d at 659). Inasmuch as the record does not establish that the waiver limiting the scope of appeal was knowingly or voluntarily made, it cannot be enforced (see People v Thomas, 34 NY3d at 566; People v Leiva, 184 AD3d 731; People v Christopher B., 184 AD3d 657).
Nevertheless, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's challenge to the procedure by which he was sentenced as a second felony offender (see CPL 400.21; People v Quinones, 162 AD3d 1402, 1402-1403) is unpreserved for appellate review (see People v Smith, 73 NY2d 961, 962-963; People v Oliver, 63 NY2d 973, 974-975; People v Jackson, 87 AD3d 552, 553-554; cf. People v Samms, 95 NY2d 52, 57-58), and we decline to reach it in the exercise of our interest of justice jurisdiction (see e.g. People v Self, 186 AD2d 600). Under these circumstances, "[a] CPL 440.20 motion is the proper vehicle for raising [such] a challenge to a sentence" (People v Jurgins, 26 NY3d 607, 612-613; see CPL 440.20[1]).
The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court