People v Jones (2021 NY Slip Op 05870)





People v Jones


2021 NY Slip Op 05870


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.


2019-00963
 (Ind. No. 17-00423)

[*1]The People of the State of New York, respondent,
v
Donald Jones, appellant.


Thomas R. Villecco, Jericho, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Alexander J. H. Ochoa and Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered December 10, 2018, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The County Court's colloquy and the written appeal waiver form "mischaracterize[d] the nature or effect of a waiver that limits the scope of appellate review" (People v Christopher B., 184 AD3d 657, 659), and "'the totality of the circumstances" do not indicate that the defendant nevertheless "'understood the nature of the appellate rights being waived'" (id. at 659, quoting People v Thomas, 34 NY3d 545, 559; see People v Burbridge, 194 AD3d 831, 832; People v Brown, 193 AD3d 875, 875). Accordingly, the defendant's waiver was invalid and does not preclude our review of his excessive sentence claim (see People v Diallo, 196 AD3d 598; People v Mohmoh, 192 AD3d 915, 915-916; People v Christopher B., 184 AD3d at 660).
Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., AUSTIN, DUFFY, BARROS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court