People v Scott (2021 NY Slip Op 06247)





People v Scott


2021 NY Slip Op 06247


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


798 KA 17-01856

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL T. SCOTT, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered April 24, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that his guilty plea was not knowingly, intelligently, and voluntarily entered because he did not expressly establish each element of the offense. We note at the outset that defendant does not challenge the validity of his waiver of the right to appeal. Although defendant's contention survives the unchallenged appeal waiver, he nevertheless failed to preserve his contention for our review because he did not "move to withdraw the plea or to vacate the judgment of conviction" (People v Seymore, 188 AD3d 1767, 1768 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; see People v Lopez, 71 NY2d 662, 665 [1988]). Contrary to defendant's contention, this case does not fall within the narrow exception to the preservation requirement (see Lopez, 71 NY2d at 666; People v Kaye, 190 AD3d 767, 768 [2d Dept 2021], lv denied 36 NY3d 1098 [2021]).
In any event, we conclude that defendant's contention is without merit. It is well established that a "defendant who pleads guilty need not 'acknowledge[] committing every element of the pleaded-to offense . . . or provide[] a factual exposition for each element of the pleaded-to offense' " (People v Madden, 148 AD3d 1576, 1578 [4th Dept 2017], lv denied 29 NY3d 1034 [2017], quoting People v Seeber, 4 NY3d 780, 781 [2005]). In this case, "even if defendant's allocution did not establish the essential elements of the crime to which he pleaded guilty, it would not require vacatur of his plea since there is no suggestion in the record that the plea was improvident or baseless" or that it was otherwise involuntary (id. [internal quotation marks omitted]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court