People v Wright (2021 NY Slip Op 06635)





People v Wright


2021 NY Slip Op 06635


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
DEBORAH A. DOWLING, JJ.


2021-00009

[*1]The People of the State of New York, respondent,
v
Justin L. Wright, appellant. (S.C.I. No. 230/19)


Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered December 22, 2020, convicting him of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree, upon his plea of guilty, and sentencing him to consecutive determinate terms of five years of imprisonment to be followed by five years of postrelease supervision, on the conviction of criminal possession of a weapon in the second degree, and five years of imprisonment to be followed by three years of postrelease supervision, on the conviction of criminal possession of a controlled substance in the third degree.
ORDERED that the judgment is modified, on the law, on the facts, and as a matter of discretion in the interest of justice, by reducing the period of postrelease supervision imposed on the conviction of criminal sale of a controlled substance in the third degree from three years to two years; as so modified, the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the County Court's oral colloquy mischaracterized the appellate rights waived as encompassing a bar to filing an appellate brief and the loss of attendant rights to counsel and poor person relief (see People v Kaye, 190 AD3d 767, 767-768; People v Sealey, 187 AD3d 1067, 1067; People v Walder, 186 AD3d 1272, 1272; see also People v Howard, 183 AD3d 640, 640; People v McDowell, 181 AD3d 716, 716; People v Baptiste, 181 AD3d 696, 696). Although the People cite to a written waiver that was apparently signed by the defendant, the court failed to confirm that the defendant understood the contents of the written waiver (see People v Thomas, 34 NY3d 545, 566; People v Kaye, 190 AD3d at 767-768; People v Christopher B., 184 AD3d 657, 659; People v Slade, 180 AD3d 1073, 1075). Moreover, the portion of the written waiver relied upon by the People did not cure the defects in the oral colloquy, as it also improperly indicated that the defendant was waiving all of his appellate rights, and it otherwise failed to inform the defendant that appellate review remained available for select issues (see People v Momoh, 192 AD3d 915, 916; People v Eduardo S., 186 AD3d 1265, 1267-1268; People v Leiva, 184 AD3d 731, 731; cf. NY Model Colloquies, Waiver of Right to Appeal). Thus, the defendant's purported waiver of his right to appeal does not preclude appellate review of the defendant's excessive sentence claim (see People v Sealey, 187 [*2]AD3d at 1067; People v Howard, 183 AD3d 640; People v Fuller, 163 AD3d 715).
However, contrary to the defendant's contention, the terms of imprisonment imposed were not excessive (see People v Suitte, 90 AD2d 80).
Upon the defendant's conviction of criminal sale of a controlled substance in the third degree, the defendant was sentenced, inter alia, to a period of postrelease supervision of three years. Under Penal Law § 70.45(2)(b), the period of postrelease supervision applicable to a sentence imposed pursuant to Penal Law § 70.70(2) for a conviction of criminal sale of a controlled substance in the third degree must be between one and two years (see People v Brown, 192 AD3d 1134, 1135). Accordingly, the County Court exceeded the statutorily authorized maximum when it imposed a three-year term of postrelease supervision on that count (see Penal Law § 70.45[2][b]; People v Brown, 192 AD3d at 1135; see also People v Tate, 84 AD3d 1416, 1417). As the defendant contends, a two-year period of postrelease supervision on the conviction of criminal sale of a controlled substance in the third degree is appropriate under the particular circumstances of this case (see People v Brown, 192 AD3d at 1135). Accordingly, we modify the judgment by reducing the period of postrelease supervision imposed on that conviction from three years to two years (see id.; People v Long, 188 AD3d 1663; see also People v Serrano, 309 AD2d 822, 822-823; People v Morales, 288 AD2d 328, 328-329; cf. People v Parker, 176 AD3d 1106, 1107).
DILLON, J.P., MILLER, CONNOLLY, IANNACCI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court