People v McGowan (2022 NY Slip Op 06498)

People v McGowan

2022 NY Slip Op 06498

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-05204
 (Ind. No. 60/20)

[*1]The People of the State of New York, respondent,
v
Patrick McGowan, appellant.

Thomas N. N. Angell, Poughkeepsie, NY (Jennifer Burton of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered July 7, 2021, convicting him of strangulation in the second degree and criminal contempt in the second degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of six years to be followed by a period of postrelease supervision of five years on the conviction of strangulation in the second degree, to run concurrently with a definite term of imprisonment of one year on the conviction of criminal contempt in the second degree.
ORDERED that the judgment is modified, on the law, by reducing the period of postrelease supervision imposed on the conviction of strangulation in the second degree from five years to three years; as so modified, the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-342; People v Lopez, 6 NY3d 248, 256-257; People v Morrow, 198 AD3d 922, 923).
Although the defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid waiver of the right to appeal (see People v Morrow, 198 AD3d at 923), the defendant failed to preserve this contention for appellate review, since he did not move to withdraw his plea or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Peque, 22 NY3d 168, 182; People v Olmos, 199 AD3d 711). In any event, the record demonstrates that the defendant's plea was entered knowingly, voluntarily, and intelligently (see People v Garcia, 92 NY2d 869, 870; People v Principato, 194 AD3d 851; People v Leasure, 177 AD3d 770, 772; People v Moss, 166 AD3d 655).
As the People correctly concede, the period of postrelease supervision imposed on the conviction of strangulation in the second degree was illegal (see Penal Law § 70.45[2][e]). Accordingly, we modify the judgment by reducing the period of postrelease supervision imposed on that conviction to the extent indicated herein (see People v Wright, 199 AD3d 1025; People v Brown, 192 AD3d 1134).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the terms of imprisonment imposed were excessive (see People v Lopez, 6 NY3d at 255).
The defendant's remaining contentions are without merit (see People v Outley, 80 NY2d 702, 712; People v Weinsheimer, 68 AD3d 901; People v Williams, 195 AD2d 492, 493).
BRATHWAITE NELSON, J.P., RIVERA, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court