People v Alas (2023 NY Slip Op 05615)

People v Alas

2023 NY Slip Op 05615

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-09144
 (Ind. No. 1973/19)

[*1]The People of the State of New York, respondent,
v
Oscar Alas, also known as Flash, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Edward A. Bannan, Marion Tang, and Shiry Gaash of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered February 11, 2021, convicting him of conspiracy in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review, as he did not move to vacate his plea or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 663; People v Negriel, 181 AD3d 724, 725). The exception to the preservation requirement does not apply in this case because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666). In any event, the plea allocution was sufficient. "[A]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime," and a plea allocution is sufficient if it "shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d 295, 301). Here, the record demonstrates that the defendant understood the charge and made an intelligent decision to accept the plea.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court