People v Johnson (2024 NY Slip Op 00087)

People v Johnson

2024 NY Slip Op 00087

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-08849
 (Ind. No. 74/22)

[*1]The People of the State of New York, respondent,
v
Antawon R. Johnson, appellant.

Carol Kahn, New York, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered September 23, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v McGowan, 210 AD3d 909). Contrary to the defendant's contention, the requirement that the defendant waive his right to appeal his conviction was not improperly extracted from the defendant by the County Court, but, instead, was the result of a negotiated plea agreement between the People and the defendant (cf. People v Chaun Mu Fu, 186 AD3d 620, 621; People v Sutton, 184 AD3d 236, 240-241, 243).
Accordingly, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255; People v Rolling, 186 AD3d 1264; People v Ovalles, 161 AD3d 1107).
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court