People v Lucky (2024 NY Slip Op 01319)

People v Lucky

2024 NY Slip Op 01319

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-00663
 (Ind. No. 2170/20)

[*1]The People of the State of New York, respondent, 
v
Rome Lucky, appellant. 

Twyla Carter, New York, NY (Paris C. DeYoung of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Rodriguez, J.), rendered January 11, 2023, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of 2½ years, to be followed by a period of postrelease supervision of 5 years.
ORDERED that the judgment is modified, on the law, on the facts, and as a matter of discretion in the interest of justice, by reducing the period of postrelease supervision imposed from 5 years to 2 years; as so modified, the judgment is affirmed.
As the defendant contends, and as the People correctly concede, the period of postrelease supervision imposed was illegal (see Penal Law § 70.45[2][e]). Accordingly, we modify the judgment by reducing the period of postrelease supervision imposed to the extent indicated herein (see People v McGowan, 210 AD3d 909, 910; People v Brown, 192 AD3d 1134, 1135).
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-342; People v Lopez, 6 NY3d 248, 256-257).
The defendant did not contend that the sentencing court failed to properly consider or apply the factors under the Domestic Violence Survivor Justice Act (L 2019, ch 31, § 1; L 2019, ch 55, § 1, part WW, § 1 [eff May 14, 2019]; hereinafter the DVSJA) in sentencing him, and the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the term of imprisonment imposed under the DVSJA was excessive (see People v Lopez, 6 NY3d at 255-256).
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court