People v Mendoza (2024 NY Slip Op 05357)

People v Mendoza

2024 NY Slip Op 05357

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2020-09483
 (Ind. No. 122/20)

[*1]The People of the State of New York, respondent,
v
Margareth Mendoza, appellant.

Joseph Z. Amsel, New York, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Autumn S. Hughes and Monica M. C. Leiter of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Patricia A. Harrington, J.), rendered November 17, 2020, convicting her of aggravated driving while intoxicated with a child passenger, aggravated driving while intoxicated per se, and endangering the welfare of a child, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record does not establish that the defendant's waiver of the right to appeal was knowing, voluntary, and intelligent, as the record does not demonstrate that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty (see People v Lopez, 6 NY3d 248, 256; People v Cruz, 177 AD3d 766, 767). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that the sentence was illegal based upon the condition of probation that she submit to warrantless searches of her person, property, residence, or vehicle under her control by a probation officer is without merit. The defendant, who operated a motor vehicle with a blood alcohol content of approximately .25%, was convicted of, inter alia, aggravated driving while intoxicated with a child passenger and aggravated driving while intoxicated per se. Under the circumstances, the consent to search condition of probation was properly imposed as it was individually tailored in relation to the offenses and was, therefore, reasonably related to the defendant's rehabilitation, or necessary to ensure that the defendant will lead a law abiding life (see Penal Law § 65.10[1]; People v Hale, 93 NY2d 454, 461-462).
The defendant's contention that her plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as she did not move to withdraw her plea or otherwise raise the issue before the Supreme Court (see People v Peque, 22 NY3d 168, 182; People v Brown, 170 AD3d 878, 879), and an exception to the preservation rule is inapplicable in this case (see People v Kaye, 190 AD3d 767, 768). In any event, the defendant's plea of guilty was knowingly, [*2]voluntarily, and intelligently entered.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court