People v Walker (2026 NY Slip Op 00155)

People v Walker

2026 NY Slip Op 00155

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2022-06801
 (Ind. No. 70408/21)

[*1]The People of the State of New York, respondent,
vMalcolm Walker, appellant.

Patricia Pazner, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and David Cao of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen A. Riviezzo, J.), rendered August 16, 2022, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of criminal possession of a firearm arising out of the defendant's use of a firearm on a public street in Brooklyn with multiple bystanders present.
The defendant moved pursuant to CPL 30.30(1)(a) to dismiss the indictment filed against him on the ground that the certificate of compliance (hereinafter the COC) filed by the People was invalid and the statement of readiness was illusory. According to the defendant, at the time the People filed the COC, they had not disclosed certain materials discoverable under CPL 245.20(1). The People opposed. By order dated May 24, 2022, the Supreme Court denied the defendant's motion on the ground that the COC was valid and that a total of 179 days were chargeable to the People, including the time that had elapsed between the defendant's initial motion to inspect the grand jury minutes and when the People submitted them to the court due to their unreasonable delay. The defendant appeals.
"In New York, a criminal defendant has the right to appeal from a judgment of conviction and sentence" (People v Batista, 167 AD3d 69, 72; see CPL 450.10). However, a defendant may waive, as a condition of a plea agreement, "the right to have the appellate court review most claims of error as well as whether the sentence imposed was excessive" (People v Batista, 167 AD3d at 73; see People v Christopher B., 184 AD3d 657, 658). A valid waiver that broadly limits the scope of appeal will generally preclude appellate review of "any issue that does not involve a right of constitutional dimension going to 'the very heart of the process'" (People v Lopez, 6 NY3d 248, 255, quoting People v Hansen, 95 NY2d 227, 230; see People v Batista, 167 AD3d at 73). Even after executing such a waiver, however, "a defendant [still] retains the right to appellate review of . . . the voluntariness of the plea and appeal waiver, legality of the sentence and the jurisdiction of the court" (People v Thomas, 34 NY3d 545, 566). "A waiver of the right to appeal [*2]is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d at 256, citing People v Calvi, 89 NY2d 868, 871).
The record demonstrates that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d at 558-564; People v Gore, 224 AD3d 848, 848). The defendant's valid waiver of his right to appeal precludes review of his speedy trial claim (see People v Lowe, 240 AD3d 771; People v Gore, 224 AD3d at 848).
Accordingly, the judgment is affirmed.
DUFFY, J.P., CONNOLLY, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court