People v Swain (2026 NY Slip Op 00154)

People v Swain

2026 NY Slip Op 00154

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LILLIAN WAN
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2022-04990
 (Ind. No. 73013/21)

[*1]The People of the State of New York, respondent,
vJayson Swain, appellant.

Patricia Pazner, New York, NY (Elisabeth R. Calcaterra of counsel), for appellant.
Eric Gonzalez, District Attorney, NY (Leonard Joblove, Amy Appelbaum, and Isaac Rounseville of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered June 22, 2022, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Contrary to the defendant's contention, the Supreme Court adequately explained that the defendant retained the right to counsel (see People v Sorino, 235 AD3d 782, 783; People v Dyce, 233 AD3d 890, 891). Further, contrary to the defendant's contention, he did not admit his guilt to the offense of which he was convicted until after the court had discussed the waiver of appeal with him (see People v Smith, 237 AD3d 1111, 1112; People v Hendricks, 224 AD3d 705; cf. People v Heft, 220 AD3d 806; People v Eduardo S., 186 AD3d 1265, 1267).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his adjudication as a second felony offender (see Penal Law § 70.06) was unconstitutional in light of Erlinger v United States (602 US 821) (see People v Serva, 242 AD3d 907; People v Bennett, 122 AD3d 871, 872; People v Haynes, 70 AD3d 718, 719).
The defendant's remaining contentions are without merit.
GENOVESI, J.P., WAN, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court