People v Oballe (2022 NY Slip Op 50433(U))

[*1]

People v Oballe (Dulvin)

2022 NY Slip Op 50433(U) [75 Misc 3d 130(A)]

Decided on May 24, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 24, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, BARRY E.
WARHIT, JJ

2020-993 P CR

The People of the State of New York,
Respondent,
against
Dulvin Efrain Andres Oballe, Appellant. 

John P. Savoca, for appellant.
Putnam County District Attorney, for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Brewster, Putnam County
(Richard L. O'Rourke, J.), rendered November 18, 2019. The judgment convicted defendant,
upon his plea of guilty, of endangering the welfare of a child. Assigned counsel has submitted a
brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as
counsel.

ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave
to withdraw as counsel is granted and new counsel is assigned pursuant to article 18-B of the
County Law to prosecute the appeal;
Steven A. Feldman, Esq.
Feldman and Feldman
1129 Northern Boulevard
Suite 404
Manhasset, NY 10303.
Relieved counsel is directed to turn over all papers in his possession to the newly assigned
counsel. New counsel is directed to serve and file a brief within 90 days after the date of this
order and decision. The People may serve and file a respondent's brief within 21 days after the
service upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and
file a reply brief within seven days after service of the respondent's brief.
Assigned counsel submitted an Anders brief setting forth the conclusion that there
exist no nonfrivolous issues that could be raised on appeal (see Anders v California, 386
US 738 [1967]). A review of the record, however, reveals the existence of possible nonfrivolous
issues, including (1) whether the waiver of appellate rights, signed by defendant, was rendered a
nullity because it is written in Spanish without an English translation (see CPLR 2101
[b]; 22 NYCRR 200.3); (2) whether, during the plea allocution, defendant was given a sufficient
explanation of [*2]the Boykin rights he would be waiving
as a result of pleading guilty (see Boykin v Alabama, 395 US 238 [1969]; People v
Tyrell, 22 NY3d 359 [2013]) and of those unwaivable appellate rights he would nonetheless
retain; (3) whether defendant was given a sufficient warning about potential negative
immigration consequences that could arise as a result of pleading guilty (see People v
Peque, 22 NY3d 168 [2013]); and (4) whether defense counsel was ineffective for failing to
move to dismiss the misdemeanor accusatory instrument due to the absence of a supporting
deposition of the complainant.
Accordingly, we grant assigned counsel's motion to withdraw as counsel, and, in light of the
risk inherent in the issues, given that defendant was originally charged with two felonies
(see CPL 470.55 [2]), we assign new counsel, pursuant to article 18-B of the County
Law, to ascertain whether defendant desires to raise the issues set forth above, or any others, and
to prosecute the appeal on defendant's behalf with respect to these issues or any other issue that
can be identified.
GARGUILO, P.J., EMERSON and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2022