People v Oballe (2022 NY Slip Op 51138(U))

[*1]

People v Oballe (Dulvin)

2022 NY Slip Op 51138(U) [77 Misc 3d 128(A)]

Decided on October 27, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 27, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2020-993 P CR

The People of the State of New
York, Respondent,
against
Dulvin Efrain Andres Oballe, Appellant.

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Putnam County District Attorney (David A. Rosenberg of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Brewster, Putnam
County (Richard L. O'Rourke, J.), rendered November 18, 2019. The judgment convicted
defendant, upon his plea of guilty, of endangering the welfare of a child, and imposed
sentence. By decision and order of this court dated May 24, 2022, upon finding that prior
counsel's Anders brief (see Anders v California, 386 US 738 [1967]) was inadequate,
this court held the appeal in abeyance and new counsel was assigned to prosecute the
appeal (People v Oballe, 75 Misc 3d 130[A], 2022 NY Slip Op 50433[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2022]).

ORDERED that the judgment of conviction is affirmed.
Defendant was charged, in separate felony complaints, with, respectively, rape in the
second degree (Penal Law § 130.30 [1]) and disseminating indecent material to
minors in the first degree (Penal Law § 235.22), and, in a misdemeanor accusatory
instrument, with endangering the welfare of a child (Penal Law § 260.10 [1]). In
court on September 9, 2019, defendant pleaded guilty to endangering the welfare of a
child pursuant to a plea deal whereby the felony complaints were dismissed as covered
under the misdemeanor plea (see CPL 180.85). Thereafter, the matter was
adjourned for more than two months, to November 18, 2019, on which date defendant
was sentenced in accordance with the plea agreement. At no time prior to or during his
sentencing did defendant challenge any aspect of the prosecution, plea colloquy, the
waiver of misdemeanor appellate rights he signed, or the procedures employed by the
court in pronouncing and imposing sentence.
The written waiver of appeal and defendant's plea allocution are infirm. Neither the
oral colloquy nor the written waiver of his right to appeal informed defendant of the
appellate rights [*2]he retained despite his plea and
waiver (see People v
Sanders, 25 NY3d 337, 341 [2015] ["the plea colloquy here was sufficient
because the right to appeal was adequately described without lumping it into the panoply
of rights normally forfeited upon a guilty plea"]). In reality, "while the phrase 'waiver of
the right to appeal' is a 'useful shorthand' . . . , the term 'can misleadingly suggest a
monolithic end to all appellate rights [when i]n fact . . . no appeal waiver serves as an
absolute bar to all appellate claims' " (People v Thomas, 34 NY3d 545, 559 [2019], quoting
Garza v Idaho, 586 US —, 139 S Ct 738, 744 [2019]). Nevertheless, most of
defendant's appellate challenges to his prosecution, plea and sentencing are unpreserved
(see People v Callahan, 80 NY2d 273, 281 [1992] ["appellate challenges to the
procedures utilized in determining and imposing sentence are forfeited if they are not
raised in a timely manner before the trial court as required by CPL 470.05 (2). A fortiori,
such challenges may effectively be waived by a voluntarily and intelligently made
agreement entered in connection with a sentence or plea bargain"] [citations omitted]; see also People v Peque, 22
NY3d 168, 182 [2013] [Peque claims must "have been preserved as a matter
of law for (appellate) review"]; People v Green, 54 NY2d 878, 880 [1981] [the
court's failure to solicit a presentencing statement from defendant, after his counsel
spoke, "was not preserved for appellate review"]; People v Kaye, 190 AD3d 767, 768 [2021] ["the
defendant's challenge to . . . his plea allocution is unpreserved for appellate review, as he
did not move to vacate his plea or otherwise raise the issue before the (Justice) Court"];
People v Jackson, 114
AD3d 807, 807 [2014] ["defendant's contention that his plea of guilty was not
knowingly or voluntarily entered is unpreserved for appellate review because he did not
move to vacate his plea or otherwise raise the issue in the (Justice) Court"]), and we
decline to address these points as a matter of discretion in the interest of justice.
Defendant's contention that the felony complaints were not properly reduced to
misdemeanors lacks merit, as the felony complaints were never reduced but were
dismissed pursuant to defendant's plea of guilty to a misdemeanor offense charged in a
separate accusatory instrument (see CPL 180.85). Lastly, defendant's claim here
of ineffective assistance of counsel does not appear to be fully "demonstrable on the
main record but rather requires consideration of factual issues not adequately reflected on
that record" (People v Maffei, 35 NY3d 264, 269 [2020] [internal quotation
marks omitted]). Thus, "it would be better . . . that an appellate attack on the
effectiveness of counsel be bottomed on an evidentiary exploration by collateral or
post-conviction proceeding brought under CPL 440.10" (id. at 270 [internal
quotation marks omitted]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 27, 2022